vehicle or a watercraft involved in an accident that the officer reasonably believes occurred as a result of the offense and, at the time of the arrest, the officer reasonably believes that as a direct result of the accident" either "any individual has died or will die," "an individual other than the person has suffered serious bodily injury" or "an individual other than the person has suffered bodily injury and been transported to a hospital or other medical facility for medical treatment." *Id.* § 724.012(b)(1).

### III.    EXCEPTIONS TO THE WARRANT REQUIREMENT

**A.    Section 724.012**

The State contends that section 724.012 is an exception to the constitutional warrant requirement. Specifically, the State argues that "[t]he exigent circumstances or 'special facts' [as required by *McNeely*] are carved out in the mandatory blood draw statute . . . ."

This Court has already determined that the Legislature did not mean to circumvent the Fourth Amendment's requirement that the police officer acquire a warrant prior to acquiring a blood sample after the suspect refuses to provide a specimen regarding another portion of the mandatory blood draw statute. *See State v. Villarreal*, No. 13–13–00253–CR, __ S.W.3d __, __, 2014 WL 1257150, at *11 (Tex. App.—Corpus Christi Jan. 23, 2014, pet. granted). The court of criminal appeals affirmed our decision stating, "the provisions in the Transportation Code do not, taken by themselves, form a constitutionally valid alternative to the Fourth Amendment warrant requirement" and "a nonconsensual search of a DWI suspect's blood conducted pursuant to the mandatory-blood-draw and implied-consent provisions in the Transportation Code, when undertaken in the absence of a warrant or any applicable exception to the warrant requirement, violates the Fourth

9